NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1252

SETH WATSON

vs.

CAROL MICI[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a Superior Court judgment on the pleadings on the plaintiff's claims under G. L. c. 30A, § 14, and 42 U.S.C. § 1983 (§ 1983). Because we conclude that the plaintiff's allegations do not establish a viable claim for relief, we affirm.

Background. As the Superior Court judge decided this case on a motion for judgment on the pleadings, we take the allegations in the complaint as true and draw all reasonable inferences therefrom in the nonmoving party's favor. See Barron v. Kolenda, 491 Mass. 408, 415 (2023). The complaint alleges

---

[1] Individually and as commissioner of the Department of Correction.

[2] Matthew Divris, individually and as superintendent of the North Central Correctional Institution at Gardner, and the Department of Correction.

that the plaintiff is incarcerated at the North Central Correctional Institution at Gardner (NCCI-Gardner). This case arises from an incident that occurred on June 14, 2020, when the plaintiff was attacked by a group of inmates. The plaintiff was transferred to the health services unit to receive medical treatment. He was told by a correction officer that his property would be secured immediately. Subsequently he was placed in the restricted housing unit (RHU) while the attack was investigated. The plaintiff's belongings were left unattended for several hours. Prison staff ultimately packed up and secured his remaining belongings and placed them in storage. When he was released from the RHU on June 18, the plaintiff went to retrieve his belongings and found that several of his personal items were missing, including a television and a tablet he had recently purchased with his own money.

The next day, the plaintiff filed an informal complaint, followed by a formal grievance with the institutional grievance coordinator a few weeks later. The plaintiff's grievance was denied. The decision stated that, pursuant to 103 Code Mass. Regs. § 403.21 (2017), the Department of Correction (department) is not liable for loss, damage, or destruction of inmate property. Additionally, the grievance coordinator held that "there is no evidence that you had the claimed missing property in your possession at the time you went to the Restricted

2

Housing Unit." The plaintiff appealed the decision to the prison superintendent and the denial was affirmed. The plaintiff sought judicial review of the denial of his grievance pursuant to G. L. c. 30A, § 14, and asserted a claim under 42 U.S.C. § 1983. The defendants moved for a judgment on the pleadings under Mass. R. Civ. P 12 (c), 365 Mass. 754 (1974), which the judge allowed. The plaintiff appealed.

Discussion. The plaintiff argues that the judge erred in allowing the defendants' motion for judgment on the pleadings. On the § 1983 claim, the plaintiff argues that the judge erred by finding that the plaintiff had not sufficiently alleged that the defendants had violated the plaintiff's due process rights. On the G. L. c. 30A, § 14 claim, he argues that the judge failed to consider the superintendent's mishandling of the grievance process by skipping required investigatory steps -- in particular by failing to interview the plaintiff.

"We review de novo a judge's order allowing a motion for judgment on the pleadings under Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974)." Merriam v. Demoulas Super Mkts., Inc., 464 Mass. 721, 726 (2013).

As to the plaintiff's § 1983 claim, the plaintiff never alleged that the defendants intentionally deprived him of his property, but only that they failed to timely secure his items to prevent them from being stolen. Prison staff secured the

3

items approximately three hours after the plaintiff was sent to the health services unit for medical treatment.  Because the plaintiff has not alleged that prison staff deliberately delayed securing his personal items in an effort to deprive him of those items, we understand the plaintiff to be alleging that the staff acted negligently by not acting more quickly.  As the motion judge noted, however, and as our law provides, such an allegation of negligence is not sufficient to establish a deprivation of property without due process under § 1983.[3]  See Baptiste v. Executive Office of Health & Human Servs., 97 Mass. App. Ct. 110, 117 (2020), cert. denied, 141 S. Ct. 2626 (2021).  The judge therefore was correct in allowing the defendants' motion as to the § 1983 claim.[4]

---

[3] The plaintiff argues that the prison superintendent is liable for the plaintiff's lost property because the superintendent's conduct amounted to "deliberate indifference" of the plaintiff's property rights.  The allegations with respect to the superintendent fail to state a claim under section 1983, because, among other reasons, it is not alleged that the superintendent played any role in the events that led to the plaintiff's loss of his property.

[4] The plaintiff sued the individual defendants in both their official and individual capacities.  State officials acting in their official capacities are not "persons" subject to personal liability pursuant to 42 U.S.C. § 1983, and any claim for equitable relief against the individual defendants in their official capacities under § 1983 fails for the reasons stated above.  See O'Malley v. Sheriff of Worcester County, 415 Mass. 132, 141-142 (1993).  Therefore the motion to dismiss the defendants in their official capacities was properly allowed as well.

The plaintiff also argues that the defendants failed to follow the rules for investigations in the prisoner grievance process. Specifically, he asserts that the department's failure to interview him as part of its investigation was unlawful. The judge agreed with the plaintiff that the department erred by not interviewing him, but the judge determined that this error did not prejudice the plaintiff's substantial rights because the department is not liable in this circumstance for lost inmate property. The judge also stated that "[i]t was rational to conclude that there was insufficient evidence that plaintiff had this property at the time he claimed it went missing." But where the department never interviewed the plaintiff, there was paperwork indicating he possessed the items, and one item, a fan, was later found hidden in the ceiling of a bathroom, it was error to suggest that there was insufficient evidence that the plaintiff had possessed the missing items. Perhaps had the department followed its procedures and interviewed the plaintiff, there would have been sufficient evidence of the plaintiff's possession of the items.

The error does not require reversal, however, for the reason raised by the judge. The plaintiff has not met his burden of demonstrating that he is legally entitled to relief for negligently lost property through the grievance procedure. The defendants state that the plaintiff is not, and he cites no

5

statute, regulation, or case law to the contrary.  We conclude that, although we need not and do not decide definitively whether relief is available with respect to such a grievance, the plaintiff has in this case failed to meet his burden.  As the judge explained, "[e]ven if [the] plaintiff had produced witnesses who could attest that the missing property had been in his possession at the time of the assault, nothing in the record suggests that the outcome would have been different."  Accordingly, we agree with the judge that the plaintiff did not sufficiently allege that the department's adjudication of his grievance was arbitrary or capricious.  See Kenney v. Commissioner of Correction, 393 Mass. 28, 35 (1984).  The judge appropriately allowed the defendants' motion as to this claim as well.

Judgment affirmed.

By the Court (Rubin,
Englander & D'Angelo, JJ.[5]),

Assistant Clerk

Entered:  June 5, 2024.

---

[5] The panelists are listed in order of seniority.